**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————

**No. 01-7972**

—————

UNITED STATES OF AMERICA,

                              Plaintiff - Appellee,

        versus

CALVIN DOUGLAS DYESS, a/k/a Carlos Rawmel,
a/k/a Calcutta,

                              Defendant - Appellant.

—————

Appeal from the United States District Court for the Southern
District of West Virginia, at Charleston.  Charles H. Haden II,
Chief District Judge.  (CR-99-12-2-01)

—————

Submitted:  April 19, 2002          Decided:  May 9, 2002

—————

Before WIDENER, NIEMEYER, and GREGORY, Circuit Judges.

—————

Affirmed by unpublished per curiam opinion.

—————

Calvin Douglas Dyess, Appellant Pro Se.  Monica Kaminski Schwartz,
OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia,
for Appellee.

—————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Calvin Douglas Dyess seeks to appeal the district court's order denying his Fed. R. Civ. P. 33 motion for a new trial. We dismiss the appeal for lack of jurisdiction because Dyess' notice of appeal was not timely filed.

Criminal defendants may file an appeal within ten days after the entry of the district court's final judgment, or the date of the Government's appeal. Fed. R. App. P. 4(b)(4)(i)-(ii). This appeal period is "mandatory and jurisdictional." Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)).

The district court's order denying Dyess' Fed. R. Civ. P. 33 motion was entered on the docket on June 5, 2001. Dyess' notice of appeal was filed on October 30, 2001.* Because Dyess failed to file a timely notice of appeal, we deny leave to proceed in forma pauperis and dismiss the appeal.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

---

* For the purpose of this appeal we assume that the date appearing on the notice of appeal is the earliest date it could have been given to prison officials for mailing. See Fed. R. App. P. 4(c); Houston v. Lack, 487 U.S. 266 (1988).